BLANK ROME LLP
Attorneys for Plaintiff
CLIPPER STEEL SERVICES, B.V.
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



| | |
|---|---|
| CLIPPER STEEL SERVICES, B.V., <br><br>  Plaintiff, <br><br> -against- <br><br> GREMIO UNIDO DE ALIJADORES S.C. DE R.L., <br><br> Defendant. | **VERIFIED COMPLAINT** |

JUDGE CASTEL

07 CV 10963

Plaintiff, CLIPPER STEEL SERVICES, B.V. ("Plaintiff"), by its attorneys Blank Rome LLP, complaining of the above-named Defendant, GREMIO UNIDO DE ALIJADORES S.C. DE R.L. ("Defendant"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a Dutch company with a principal place of business located at Wilhelminaplein 28, Rotterdam, Netherlands.

3. At all material times, Defendant was and is a foreign corporation or other business entity organized under the laws of Mexico with its offices at Isauro Alfaras 210 Sur Zona Centro, Tampico, Tamaulipas, Mexico, and no place of business in the United States.

4. By an agreement commencing on or about September 30, 2006 ("the Agreement"), Defendant agreed to provide stevedoring services to vessels owned or operated by Plaintiff when those vessels called at the Port of Tampico, Mexico.

5. In January 2007, Plaintiff was the operator of the M/V MARINE BULKER ("Vessel").

6. On January 11, 2007, Defendant was providing stevedoring services under the Agreement to the Vessel at Tampico.

7. During the discharge of the Vessel on January 11, 2007, Defendant's employees negligently and/or in an unworkmanlike manner operated forklifts and/or other equipment in Hold #5 of the Vessel and caused physical damage to the Vessel.

8. Plaintiff has paid $132,406.08 for repairs and costs associated with the repairs to the damage to the Vessel caused by the negligence and/or unworkmanlike performance of Defendant and its employees.

9. In addition, the negligence and/or unworkmanlike performance of Defendant and its employees caused Plaintiff damages in the amount of $121,183.20 in lost hire and bunkers consumed.

10. The total principal amount of damages caused Plaintiff by Defendant's negligence and/or unworkmanlike performance is $253,589.28, none of which has been paid, although duly demanded.

11. Under the New York statutory interest rate of 9%, Plaintiff estimates: recoverable interest will amount to at least $45,646 for at least 2 years.

12. The total amount of Plaintiff's claims for which Plaintiff requests issuance of Process of Maritime Attachment and Garnishment is $299,235.28.

13. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, property within this district consisting of cash, funds, and credits in the hands of garnishees in this District, including but not limited to electronic fund transfers being cleared by banks in New York.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of $299,235.28 to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court enter judgment for Plaintiff's damages plus interest and costs, or retain jurisdiction over this matter through the entry of a judgment on an arbitration award.

D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
December 3, 2007

Respectfully submitted,
BLANK ROME, LLP
Attorneys for Plaintiff
CLIPPER STEEL SERVICES, B.V.

By _____
   LeRoy Lambert (LL-3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                                              : ss.:
COUNTY OF NEW YORK   )

LeRoy Lambert, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
LeRoy Lambert

Sworn to before me this December 3rd ~~30th~~ day of ~~November,~~ 2007

_____
Notary Public

KARL V. REDA
Notary Public, State of New York
No. [illegible]3126, Qual. in Nassau Cty.
Cert[illegible] Filed in New York County
Commission Expires NOV. 30, 2009

BLANK ROME LLP
Attorneys for Plaintiff
CLIPPER STEEL SERVICES, B.V.
LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLIPPER STEEL SERVICES, B.V.,<br><br>     Plaintiff,<br><br> -against-<br><br>GREMIO UNIDO DE ALIJADORES S.C. DE R.L.,<br><br>     Defendant. | 07 Civ.<br><br>**AFFIDAVIT PURSUANT TO**<br>**SUPPLEMENTAL RULE B** |

STATE OF NEW YORK )
          ) ss:
COUNTY OF NEW YORK )

  LeRoy Lambert, being duly sworn, deposes and says:

  1. I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the Verified Complaint and submit this affidavit in support of Plaintiff's request for the issuance of Process of Maritime Attachment and Garnishment of the property of defendant, GREMIO UNIDO DE ALIJADORES S.C. DE R.L., ("Defendant"), a foreign corporation or other entity, pursuant to Supplemental Rule B For Certain Admiralty and Maritime Claims of the Federal Rules of the Federal Rules of Civil Procedure.

  2. Defendant is a party to a maritime contract to provide stevedoring services on which this claim is based, and is a foreign corporation or other business entity organized and existing under the laws of Mexico or another foreign jurisdiction.

695117.00603/6595133v.1

3.   Under my supervision, my office conducted a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4.   In our search, we did not find any listing or reference to Defendant in this judicial district or the state of New York.  In the circumstances, I believe Defendant cannot be found within this district.

_____
LeRoy Lambert

Sworn to before me this
3rd day of December, 2007

_____
Notary Public
KARL V. REDA
Notary Public, State of New York
No. 30-4783126, Qual. in Nassau Cty.
Certificate Filed in New York County
Commission Expires NOV 30, 2009

2

695117.00603/6595133v.1